**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| THE RICHARD AND SHEILA J. MCKNIGHT 2000 FAMILY TRUST et al., ) ) ) Plaintiffs, ) ) vs. ) ) WILLIAM J. BARKETT et al., ) ) Defendants. ) | 2:10-cv-01617-RCJ-GWF **ORDER** |

This case arises out of the same facts as Case No. 2:07-cv-892. Nine motions are pending before the Court. For the reasons given herein, the Court will invite cross motions for summary judgment between DACA Castaic, LLC and Intervenor Plaintiffs for a declaration as to which parties currently hold the beneficial interests in the Castaic loans and guaranties. The Court grants the motions for attorneys' fees and for certification of judgment in part, denies the motion to reconsider intervention, grants the motion to stay enforcement of judgment, denies the motion to dismiss the crossclaim but grants the motion to strike it, grants the motion to dismiss the Kapp Complaint in Intervention in part and denies it in part, denies the motion to dismiss the Rasmussen Complaint in Intervention, and denies the motion to dismiss the counterclaim.

**I.     FACTS AND PROCEDURAL HISTORY**

Plaintiff Richard McKnight,[1] as trustee for The Richard & Sheila J. McKnight 2000

---

[1] Richard McKnight is a apparently both a beneficiary and the trustee of the McKnight Trust, as well as one of the McKnight Trust's attorneys in this action.

Family Trust ("the McKnight Trust") provided $100,000 out of the total of $4.5 million that various direct lenders loaned to Defendant Castaic III Partners, LLC ("Castaic III") through USA Commercial Mortgage Co. ("USA Commercial"). (Compl. ¶ 5, Sept. 21, 2010, ECF No. 1). The McKnight Trust has received no interest payments on the loan since August 2006. (*Id.* ¶ 9).

Plaintiff sued Defendants Castaic III and William J. Barkett in this Court on two claims: (1) Breach of Guaranty (Barkett only); and (2) Declaratory Judgment. The Court previously denied a motion to reconsider transfer of the case from the Hon. Gloria M. Navarro to this Court, dismissed the second cause of action for declaratory judgment, granted offensive summary judgment on the first cause of action for breach of guaranty, and permitted 260 other direct lenders to intervene as Plaintiffs and to add claims against Castaic Partners, LLC ("Castaic" or "Tapia Ranch") and Castaic II Partners, LLC ("Castaic II").

Each group of intervenors has filed its own complaint in intervention. Intervenor Plaintiffs Thomas J. Kapp and Cynthia S. Roher, as trustees of the T&C Kapp Family Trust (the "Kapp Intervenors") filed a complaint in intervention (the "Kapp CI") against Barkett and Castaic II for breach of contract, breach of guaranty, and declaratory judgment. (*See* Kapp CI, May 12, 2011, ECF No. 34). The remaining Intervenor Plaintiffs (the "Rasmussen Intervenors") have also filed a complaint in intervention (the "Rasmussen CI") against Barkett, Castaic, Castaic II, and Castaic III for breach of contract, breach of guaranty, and declaratory judgment. (*See* Rasmussen CI, Aug. 8, 2011, ECF No. 61). The Rasmussen CI alleges the amount each Rasmussen Intervenor loaned the Castaic entities. (*See id.* ¶¶ 5, 67–69). A third group of intervenors withdrew its motion to intervene.

## II.   LEGAL STANDARDS

### A.   Attorneys' Fees and Certification of Judgment

Although an award of attorney's fees must be separately supported by statute or contract, Rule 54(d) mandates an award of costs to a prevailing party. *See* Fed. R. Civ. P. 54(d)(1).

1  When an action presents more than one claim for relief--whether as a claim,
counterclaim, crossclaim, or third-party claim--or when multiple parties are involved,
2  the court may direct entry of a final judgment as to one or more, but fewer than all,
claims or parties only if the court expressly determines that there is no just reason for
3  delay.

Fed. R. Civ. P. 54(b).

### B.   Dismissal

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Conley v. Gibson*, 355 U.S. 41, 47 (1957). Federal Rule of Civil Procedure 12(b)(6) mandates that a court dismiss a cause of action that fails to state a claim upon which relief can be granted. A motion to dismiss under Rule 12(b)(6) tests the complaint's sufficiency. *See N. Star Int'l v. Ariz. Corp. Comm'n*, 720 F.2d 578, 581 (9th Cir. 1983). When considering a motion to dismiss under Rule 12(b)(6) for failure to state a claim, dismissal is appropriate only when the complaint does not give the defendant fair notice of a legally cognizable claim and the grounds on which it rests. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In considering whether the complaint is sufficient to state a claim, the court will take all material allegations as true and construe them in the light most favorable to the plaintiff. *See NL Indus., Inc. v. Kaplan*, 792 F.2d 896, 898 (9th Cir. 1986). The court, however, is not required to accept as true allegations that are merely conclusory, unwarranted deductions of fact, or unreasonable inferences. *See Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001). A formulaic recitation of a cause of action with conclusory allegations is not sufficient; a plaintiff must plead facts showing that a violation is plausible, not just possible. *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (citing *Twombly v. Bell Atl. Corp.*, 550 U.S. 554, 555 (2007)).

"Generally, a district court may not consider any material beyond the pleadings in ruling on a Rule 12(b)(6) motion. However, material which is properly submitted as part of the

complaint may be considered on a motion to dismiss." *Hal Roach Studios, Inc. v. Richard Feiner & Co.*, 896 F.2d 1542, 1555 n.19 (9th Cir. 1990) (citation omitted).  Similarly, "documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading, may be considered in ruling on a Rule 12(b)(6) motion to dismiss" without converting the motion to dismiss into a motion for summary judgment. *Branch v. Tunnell*, 14 F.3d 449, 454 (9th Cir. 1994).  Moreover, under Federal Rule of Evidence 201, a court may take judicial notice of "matters of public record." *Mack v. S. Bay Beer Distribs., Inc.*, 798 F.2d 1279, 1282 (9th Cir. 1986).  Otherwise, if the district court considers materials outside of the pleadings, the motion to dismiss is converted into a motion for summary judgment. *See Arpin v. Santa Clara Valley Transp. Agency*, 261 F.3d 912, 925 (9th Cir. 2001).

**III.   ANALYSIS**

    **A.   Motions for Attorneys' Fees and Certification of Judgment**

Movants seek attorneys' fees against Barkett pursuant to the Castaic III promissory note (the "Note") that he guaranteed.  Movants claim the Note includes a provision for the payment of reasonable attorneys' fees in any action to enforce the Note, though they do not attach the Note to their motion.  As Barkett notes in response, it is the Guaranty, not the Note, that governs any attorneys' fees between Plaintiffs and Barkett.  Barkett admits, however, that the Guaranty contains a similar fee-shifting provision.  Attorney McKnight attests to all of the rates and hours as presented in the attached exhibits. (*See* McKnight Decl. Aug. 9, 2011, ECF No. 69, at 4–5).  Exhibit A consists of an invoice from Attorney McKnight to the McKnight Trust listing total attorneys' fees of $26,424 in connection with the present case: 65.9 hours for McKnight at $360 per hour, 7 hours for David Mincin at $300 per hour, and 3 hours for Matthew McAlonis at $200 per hour. (*See* McKnight Decl., Ex. B, ECF No. 69-1, at 2–5).  Exhibit B consists of a bill of costs for $774.25: $390 for clerk's fees, $125 for service of summons and subpoena, and

$259.25 for other costs not further itemized.

Barkett opposes the motion on several grounds. First, he argues that Plaintiffs lack standing in the case, because they allegedly transferred their interests in the Castaic Notes and Guaranties to another entity, which then transferred them to DACA Castaic, LLC.

Second, Barkett asks the Court to stay the motion pending appeal. But consideration of a stay of judgment is separate from whether attorneys' fees should be granted. Barkett may ask the Court to stay enforcement pending appeal, but such a stay does not prevent the Court from ruling on attorneys' fees, even if that ruling is also stayed pending appeal. If an appeal is successful, or if the Court vacates the judgment itself, the Court may also vacate any attorneys' fee award.

Third, Barkett argues that Plaintiffs are not entitled to fees because "legislative policy" behind attorneys' fee awards is to award only those fees actually incurred. Barkett does not present any authority in support of his argument that an attorneys' fees claimant must provide proof that he has paid the fees before demanding an award against the opposing party. Whether the attorneys' fees claimant has yet paid his bill is purely a matter between the claimant and his attorney. So long as he can show that he has become obligated to pay fees, he is entitled to an award in the amount of the reasonably incurred obligation.

Fourth, Barkett argues that Plaintiffs are not entitled to attorneys' fees because McKnight represented himself in his capacity as the trustee of the McKnight Trust, and he also represented the McKnight Trust, of which he is a beneficiary. Pro se parties, whether attorneys or not, are generally not entitled to *statutory* attorneys' fees. *See Elwood v. Drescher*, 456 F.3d 943, 947 (9th Cir. 2006) (citing *Kay v. Ehrler*, 499 U.S. 432 (1991)). But this rule is based on the assumption that the policy behind statutory attorneys' fees provisions is to ensure the effective prosecution of statutory causes of action, such as civil rights claims, by encouraging the retention of independent counsel. *See id.* at 946. The purpose of contractual attorneys' fees clauses is to

ensure that the innocent party is made whole by litigation over a breach and not only made partially whole due to a requirement to pay an attorney to enforce the contract.  Still, it is probably improper to award attorneys fees to a pro se attorney where a pro se non-attorney would not be entitled to such fees, because it would create an improper assumption that an attorney's private time used to litigate his own case is more valuable than a non-attorney's private time, even where both pro se litigants are equally successful. *See Farmers Ins. Exch. v. Law Offices of Conrado Joe Sayas, Jr.*, 250 F.3d 1234, 1237 (9th Cir. 2001) (California law). The rule does not apply where a fee claimant has become liable for fees to some third party. *See id.* at 1238.  The question here is whether McKnight or the McKnight Trust have become liable for fees to any third party.  The McKnight Trust is liable to Richard McKnight, P.C. for the full amount claimed.  McKnight is not the sole beneficiary of the McKnight Trust, so his representation of the McKnight Trust is not like a traditional pro se representation.  McKnight is himself jointly liable with the McKnight Trust to Richard McKnight, P.C.  Furthermore, a trust must be represented by counsel, and nothing prevents a beneficiary or trustee from representing a trust unless the terms of the trust prohibit it.  The Court will therefore grant the motion for attorneys' fees in part and certify the judgment as final.

   Fifth, Barkett argues that the fees should be reduced because both parties prevailed in part.  Plaintiffs prevailed completely on their monetary claims.  Defendants prevailed against Plaintiffs' claim that one of the Court's rulings in the Asset Resolution bankruptcy case precluded certain litigation in state court in California.  Overall, Plaintiffs have prevailed, because they obtained a ruling in this case that not only awards them the monetary relief they sought, but also likely precludes Defendants' claims in the California case.

   Sixth, Barkett argues that the Court should adjust from Plaintiffs' proffered lodestar calculation.  Barkett argues that $26,424 is excessive for an award of $100,000 plus interest.  McKnight's itemized bill is available.  In reply, Plaintiffs state that they would agree to a stay if

1  Barkett posted a supersedeas bond of $220,000 to cover the approximately $160,000 judgment
2  on which interest is running at 20% per annum.  The Court will grant the motion in part.  The
3  amount will be reduced to $18,325.[2]  The Court will stay fees and costs upon the posting of a
4  cost bond but will not stay the case itself.

  **B.**  **Motions to Dismiss**

    **1.**  **Defendants' Motion to Dismiss the Kapp CI (ECF No. 71)**

    Defendants make three arguments against the Kapp CI.  First, they argue that the Kapp Intervenors have no standing because they (and other Intervenors) may have transferred their beneficial interest in the Castaic II loan to third party DACA-Castaic, LLC.  In fact, DACA-Castaic is one of the parties that recently moved to intervene, but it later withdrew that motion. DACA-Castaic's proposed complaint in intervention alleged that it had acquired the interests of S&P Davis, LP, Taylor Samuels, Samuels Foundation, Inc., and Platinum Properties 1 Inc. in the Castaic, Castaic II, and Castaic III loans, variously.  DACA-Castaic also noted that the Court appointed Cross FLS, LLC ("Cross") as loan servicer for all the Castaic loans on June 8, 2010, and that Cross had assigned the servicing rights to DACA-Castaic. (*See* Compl. in Intervention ¶¶ 49–56, Aug. 8, 2011, ECF No. 65-1).  According to DACA-Castaic, the direct lenders, i.e., the Intervenor Plaintiffs, have membership interests in Castaic Investors, LLC proportionate to the interests in the Castaic loans that they transferred to that entity.  Defendants argue that the Kapp Intervenors therefore have no standing, and that the Court should either dismiss the Kapp CI or stay the action until it determines who has the present beneficial interest in the Castaic loans.

    The Kapp Intervenors counter that the purchase agreement between the direct lenders and DACA-Castaic did not purport to transfer the rights under any promissory note or guaranty, and

---

[2] The Court will award all hours claimed but at rates of $200 (7 hours), $150 (3 hours), and $250 (65.9 hours).

that DACA-Castaic only obtained the deeds of trust.  Assuming for the sake of argument that the direct lenders retained their interests in the notes and guaranties, but transferred their interests in the deeds of trust, there are two legal consequences.  First, the direct lenders have standing to sue directly on the notes and guaranties.  Second—and this is dicta, because the issue is not before the Court—neither DACA-Castaic nor the direct lenders may foreclose on the Castaic properties, because DACA-Castaic cannot suffer a default without an interest in the note, and the direct lenders no longer have any security instrument.  That is, the note and deed of trust would have been split in such a way that foreclosure cannot occur unless and until the same party owns both the note and deed of trust on a given property.  The Court will not dismiss based on lack of standing.  Although Defendants may be able to show a lack of standing at the summary judgment stage as a factual matter,  the Kapp Intervenors properly allege an interest in the loans and guaranties.

Next, Defendants make the same personal jurisdiction, venue, and abstention arguments that the Court has already addressed and rejected.  Defendants next correctly note that the third cause of action in the Kapp CI fails to state a claim for the same reason that the Court has already dismissed Plaintiffs' identical claim for declaratory relief.  The Court grants the motion to dismiss in this regard.

    **2.**    **Defendants' Motion to Dismiss the Rasmussen CI (ECF No. 74)**

Defendants make the same standing, personal jurisdiction, venue, and abstention arguments against the Rasmussen CI that they make against the Kapp CI.  The Rasmussen CI's claim for declaratory judgment is different from the claim that the Court has already dismissed form the Complaint, and Defendants do not argue against it.  The Court denies the motion.

    **3.**    **Plaintiffs' Motion to Dismiss the Crossclaim (ECF No. 91)**

On August 30, 2011, Defendants filed a "Crossclaim" against Compass FP Corp., Compass Financial Partners, LLC, Compass USA SPE, LLC, Debt Acquisition Company of

America V, DACA-Castaic, LLC, and unidentified direct lenders incorporated only by reference to the loans. This is not a crossclaim. As to parties who were not yet part of the case, it is a third-party complaint or perhaps a motion to join parties as defendants. As to Intervenor Plaintiffs (direct lenders) it is a counterclaim.

Plaintiffs have moved to dismiss the "Crossclaim." Although the "Crossclaim" may be improper, Defendants are correct that a counterclaim or crossclaim need not necessarily appear in an answer but may be separately pled, particularly where a new group of Plaintiffs has intervened against Defendants. The Court will not dismiss the "Crossclaim" for this reason, though it will strike the pleading, as explained, *infra*.

### 4. Defendants' Motion to Dismiss the Counterclaim (ECF No. 118)

In response to the "Crossclaim," DACA-Castaic, LLC and Debt Acquisition Company of America V filed a "Counterclaim" for declaratory judgment against Defendants, and Defendants have now moved to dismiss it. Defendants have filed their same standing, personal jurisdiction, venue, and abstention arguments. According to Defendants, the DACA entities claim all beneficial interests in the Castaic loans, not just the deeds of trust as Intervenor Plaintiffs argue. Defendants correctly argue that the direct lenders and DACA-Castaic cannot simultaneously possess the same interests in the same loans. It is for this reason that the Court will not dismiss the "Counterclaim" for declaratory judgment. The Court will need to sort out who owns the beneficial interests in the Castaic loans. Defendants have a valid point that they cannot be liable to both Intervenor Plaintiffs and DACA-Castaic for the same debt.

### C. Motion to Reconsider Permission to Intervene (ECF No. 76)

Defendants ask the Court to reconsider permitting Intervenor Plaintiffs to intervene. Defendants note the possibility that DACA-Castaic, and not Intervenor Plaintiffs, possess the beneficial interests in the Castaic loans. The Court will await motions for summary judgment on the issue of loan ownership.

### D.     Motion to Stay (ECF No. 95)

Defendants ask the Court to stay the enforcement of judgment pending appeal and the determination of Plaintiffs' standing.  The Court grants the motion in part, but not as to the McKnight Trust.  There appears to be a legitimate dispute over whether certain Plaintiffs may have transferred their beneficial interests in the Castaic notes and guaranties to DACA-Castaic, though it appears that the McKnight Trust did not.  The Court invites motions for summary judgment on the issue but will not stay the judgment in favor of the McKnight Trust unless Defendants post a supersedeas bond.

### E.     Motion to Strike Crossclaim (ECF No. 108)

Finally, the Rasmussen Intervenors ask the Court to strike the "Crossclaim" because as already noted, as against the Intervenor Plaintiffs the pleading is in fact a counterclaim, and as against non-parties it is in fact a third-party complaint.  The Court grants the motion and strikes the Crossclaim.  Defendants may refile the pleading(s) to properly name parties as counter-defendants or third-party defendants, as appropriate.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion for Attorneys' Fees (ECF No. 69) is GRANTED in part.

IT IS FURTHER ORDERED that the Motion for Judgment (ECF No. 70) is GRANTED.

IT IS FURTHER ORDERED that the Motion to Dismiss the Kapp CI (ECF No. 71) is GRANTED in part and DENIED in part.  The third cause of action in the Kapp CI is dismissed.

IT IS FURTHER ORDERED that the Motion to Dismiss the Rasmussen CI (ECF No. 74) is DENIED.

IT IS FURTHER ORDERED that the Motion to Dismiss the Crossclaim (ECF No. 91) is DENIED.

IT IS FURTHER ORDERED that the Motion to Dismiss the Counterclaim (ECF No.

118) is DENIED.

IT IS FURTHER ORDERED that the Motion to Reconsider (ECF No. 76) is DENIED.

IT IS FURTHER ORDERED that the Motion to Stay Enforcement of Judgment (ECF No. 95) is GRANTED in part.

IT IS FURTHER ORDERED that the Motion to Strike Crossclaim (ECF No. 108) is GRANTED.

IT IS SO ORDERED.

Dated this 5th day of December, 2011.

_____
ROBERT C. JONES
United States District Judge