UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE RICHARD AND SHEILA J. MCKNIGHT 2000 FAMILY TRUST et al., <br><br> Plaintiffs, <br><br> vs. <br><br> WILLIAM J. BARKETT et al., <br><br> Defendants. | 2:10-cv-01617-RCJ-GWF <br><br> **ORDER** |

This case arises out of the same facts as the USA Commercial case. Pending before the Court is an Objection to Magistrate Judge's Order (ECF No. 240) and a Motion for Attorney's Fees and Costs (ECF No. 235). For the reasons given herein, the Court denies the objection and grants the motion for fees and costs in part.

I.   **FACTS AND PROCEDURAL HISTORY**

   A.   **Background**

Plaintiff Richard McKnight,[1] as trustee for The Richard & Sheila J. McKnight 2000 Family Trust ("the McKnight Trust") provided $100,000 out of the total of $4.5 million that various direct lenders loaned to Defendant Castaic III Partners, LLC ("Castaic III") through USA Commercial Mortgage Co. ("USA Commercial"). (Compl. ¶ 5, Sept. 21, 2010, ECF No. 1). The McKnight Trust has received no interest payments on the loan since August 2006. (*Id.* ¶ 9).

---

[1] Richard McKnight is a apparently both a beneficiary and the trustee of the McKnight Trust and one of the McKnight Trust's attorneys in this action.

Plaintiff sued Defendants Castaic III and William J. Barkett in this Court on two claims: (1) Breach of Guaranty (Barkett only); and (2) Declaratory Judgment. The Court denied a motion to reconsider transfer of the case from the Hon. Gloria M. Navarro to this Court, dismissed the second cause of action for declaratory judgment, granted offensive summary judgment on the first cause of action for breach of guaranty, and permitted 260 other direct lenders to intervene as Plaintiffs and to add claims against Castaic Partners, LLC ("Castaic" or "Tapia Ranch") and Castaic II Partners, LLC ("Castaic II"). Defendants appealed the judgment against them as to the breach of guaranty claim, but the Court of Appeals dismissed the appeal for lack of finality.

Each group of intervenors has filed its own complaint in intervention. Intervenor Plaintiffs Thomas J. Kapp and Cynthia S. Roher, as trustees of the T&C Kapp Family Trust (the "Kapp Intervenors") filed a Complaint in Intervention (the "Kapp CI") against Barkett and Castaic II for breach of contract, breach of guaranty, and declaratory judgment. (*See* Kapp CI, May 12, 2011, ECF No. 34). A second group of intervenors (the "Rasmussen Intervenors") have filed a complaint in intervention (the "Rasmussen CI") against Barkett, Castaic, Castaic II, and Castaic III for breach of contract, breach of guaranty, and declaratory judgment. (*See* Rasmussen CI, Aug. 8, 2011, ECF No. 61). The Rasmussen CI alleges the amount each Rasmussen Intervenor loaned each Castaic entity. (*See id.* ¶¶ 5, 67–69). DACA also filed a motion to intervene but later withdrew it.

The Court granted a motion to dismiss the Kapp CI in part, dismissing the declaratory judgment claim but refusing to dismiss the breach of contract and breach of guaranty claims for lack of standing. Defendants argued that Kapp Intervenors had transferred their interests in the relevant loans to DACA-Castaic, LLC and thus no longer had standing to sue for breach of contract or breach of guaranty. The Kapp Intervenors responded that they had only transferred the deeds of trust, not the beneficial interests. The Court invited summary judgment motions on

the issue but refused to dismiss because the Kapp CI was sufficiently pled.  The Court completely denied a motion to dismiss the Rasmussen CI, noting that the claim for declaratory relief thereunder was different from the declaratory relief claims in the Complaint and the Kapp CI that the Court had dismissed.  The Court struck Defendants' "crossclaim," which was in reality a third-party complaint and/or a counterclaim, directing Defendants to refile the pleading properly, which they did. (*See* Countercl. and Third-Party Compl., ECF Nos. 156, 157).  Defendants brought counter- and third-party claims against several Compass entities, DACA, and direct lenders for: (1) breach of contract; (2) declaratory judgment; (3) interference with prospective economic advantage; (4) usury; (5) breach of fiduciary duty (two Compass entities only); (6) unjust enrichment; and (7) slander of title.

      The Court refused to stay Plaintiff's judgment against Defendants but noted that it would await summary judgment motions as to whether certain Intervenors still owned the beneficial interest in the loans or had transferred them to DACA-Castaic, LLC or other parties.  DACA asked the Court to grant it summary judgment on thirteen issues under its Third-Party Counterclaim for declaratory relief.  The Court granted the motion in part, ruling that any direct lender who had transferred his or her beneficial interest in a Castaic loan to DACA had also transferred his or her interest in the respective deed of trust or guaranty and could no longer sue on the note or Barkett's guaranty thereof, because any interest in a deed of trust or a guaranty follows the interest in the note as a matter of law in California.  The Court noted that there remained questions of fact concerning which direct lenders had effected such transfers.  The evidence adduced at the time showed only a transfer of Castaic Partners, LLC's beneficial interest in the Castaic loans to DACA-Castaic, LLC, but the evidence did not indicate any previous transfer from any direct lenders to Castaic Partners, LLC.  The Court also noted that no party disputed that the Castaic loans were in default but that it would not attempt to calculate the total amount due on each loan at the pre-trial stage.  The Court also ruled that the notes were

neither usurious nor subject to offset.  The Court ruled that the Castaic deeds of trust were enforceable under their terms and that the pending foreclosures in California under the respective 2007 notices of default were proper.  The Court also noted that an action against Barkett for breach of guaranty would not violate the one-action rule even after foreclosure, because Barkett was not the target of any foreclosure, though Plaintiffs could only collect on a guaranty to the extent of any deficiency remaining after a foreclosure sale.  The Court also ruled that the Purchase Agreement, under which DACA-Castaic, LLC purported to obtain the beneficial interests in the loans from Castaic Partners, LLC, was in compliance with the 51% rule under Chapter 645B, and that DACA-Castaic, LLC's decision to foreclose was valid.  The Court declined to rule on the priority of a lien against the properties held by DACA V, because DACA V and DACA-Castaic were not adversaries in the present case.

Kapp Intervenors also moved for summary judgment on four points.  The Court refused to rule that Barkett was liable to Kapp Intervenors on the guaranty, because it was not clear that the Kapp Intervenors retained the beneficial interest in the loans.  The Court again noted that no party denied the Castaic loans were in default.  The Court then ruled that Barkett was liable to the Kapp Intervenors on the Castaic II Guaranty, but the Court added that Barkett could obtain relief under Rule 60(b) if he could later show that the Kapp Intervenors had transferred their interest in the Castaic II note.  The Court ruled that it would not attempt to calculate the total amount due on the Castaic II loan at the pre-trial stage.  Next, the Court ruled that the Castaic notes were to be interpreted by their terms under Nevada law, that Nevada had no usury law, and that the borrower under the notes had waived any right of offset.  Finally, the Court declined to rule whether any direct lenders were liable for the wrongdoing of loan servicers.

Defendants asked the Court to dismiss the Kapp CI, the Rasmussen CI, and DACA's Third-Party Counterclaim for lack of subject matter jurisdiction.  The Court ruled that it had diversity jurisdiction to adjudicate the Kapp CI and bankruptcy jurisdiction (but not diversity

jurisdiction) to adjudicate the Rasmussen CI and DACA's Third-Party Counterclaim, and that neither mandatory nor equitable abstention under the Bankruptcy Code were appropriate. The Court granted DACA's motion for leave to file a Supplemental Third-Party Counterclaim and a Supplemental Fourth Party-Complaint.

### B. The Present Motion

On April 3, 2013, the Magistrate Judge ordered Barkett to respond to Plaintiff's request for production of documents propounded in order to determine what assets Barkett may have to satisfy the judgment the Court entered against him. The Magistrate Judge also found Barkett's refusal to answer the request not justified and awarded Plaintiff reasonable expenses in brining the motion to compel. DACA asks the Court to reverse that order.

## II. LEGAL STANDARDS

Rule 72(a) permits a district court judge to modify or set aside a magistrate judge's non-dispositive ruling that is clearly erroneous or contrary to law:

> When a pretrial matter not dispositive of a party's claim or defense is referred to a magistrate judge to hear and decide, the magistrate judge must promptly conduct the required proceedings and, when appropriate, issue a written order stating the decision. A party may serve and file objections to the order within 14 days after being served with a copy. A party may not assign as error a defect in the order not timely objected to. The district judge in the case must consider timely objections and modify or set aside any part of the order that is clearly erroneous or is contrary to law.

Fed. R. Civ. P. 72(a); *see also* Local R. IB 3-1(a). "Under Rule 72(a), '[a] finding is "clearly erroneous" when, although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Rafano v. Patchogue-Medford Sch. Dist.*, No. 06-CV-5367 (JFB)(ARL), 2009 WL 789440, at *12 (E.D.N.Y. Mar. 20, 2009) (quoting *Burgie v. Euro Brokers, Inc.*, No. 05 Civ. 0968(CPS)(KAM), 2008 U.S. Dist. LEXIS 71386, at *18 (E.D.N.Y. Sept. 5, 2008) (quoting *Concrete Pipe & Prods. of Cal., Inc. v. Constr. Laborers Pension Trust for S. Cal.*, 508 U.S. 602, 622 (1993))). "An order is contrary to law when it fails to apply or misapplies relevant statutes,

1  case law or rules of procedure." *Id.*

2  **III.    ANALYSIS**

3        The Court denies the motion for the reasons given by the Magistrate Judge at the April 2,
4  2013 hearing, which the Court has reviewed. The Court has certified the judgment as final under
5  Rule 54(b). (*See* J., July 9, 2012, ECF No. 194). Rule 69 authorizes post-judgment discovery in
6  the present context. Barkett did not timely respond or object to the discovery request.

7        The Court rejects additional arguments made by Barkett not directly addressed by the
8  Magistrate Judge. First, the possibility that Barkett will succeed on counterclaims such that he is
9  a net judgment creditor against Plaintiff is not relevant. In the meantime, he may attempt to
10 transfer or otherwise dissipate assets. The judgment is final and collectable now, and Plaintiff
11 could of course be prejudiced by a delay in execution. Second, Federal Rule 69 applies here, as it
12 is a rule of procedure. Plaintiff's alleged failed attempt to use an analogous state law to obtain a
13 judgment examination of Barkett is not relevant. Third, questions of Plaintiff's standing are not
14 relevant. Plaintiff has a final judgment. Barkett failed to oppose the motion for summary
15 judgment upon which that judgment is based with evidence that Plaintiff had transferred the
16 beneficial interest.

17       Next, Plaintiff asks for fees related to litigation of the motion before the Magistrate
18 Judge, who solicited the present motion. Barkett objects that the fees (15.3 hours at $360 per
19 hour) are not reasonable because it includes not only attorney labor spent on litigating the motion
20 to compel, but also attorney labor spent on the request for production itself (1.6 hours for drafting
21 the request for production and researching discovery law), which labor would have to have been
22 expended even if Barkett had complied with the request. Barkett also objects that certain
23 charges, in addition to being for irrelevant work, are unreasonable in-and-of-themselves (0.5
24 hours for reading Barkett's response to the request for production and leaving a phone message
25 for counsel; 0.4 hours for another phone message). Barkett also objects to 2.5 hours charged for

1  drafting the present motion for fees itself.  Barkett also argues that a total of 8.8 hours preparing a
2  four-page motion to compel and two-page declaration was excessive.  Barkett does not object to
3  the claimed rates.
4      The Court agrees that the 1.6 hours charged for drafting the request for production is not
5  related to the discovery violations.  However, the 2.5 hours spent drafting the present motion was
6  clearly necessitated by the discovery violations and is appropriately included.  The Court also
7  agrees that 0.40 hours for a phone message is excessive (and probably just untrue).  However, the
8  0.50 hours for a phone message after reviewing Barkett's response to the request for production
9  is within the realm of reason.  This review could have included legal research and tactical
10 planning.  Finally, the Court agrees that 8.8 hours is excessive for preparing the motion to
11 compel.  In summary, the Court will reduce fees as follows: (1) 1.6 hours subtracted for the
12 preparation of the request for production; (2) 0.3 hours subtracted from the "0.4-hour" phone
13 call; (3) 4.8 hours subtracted from the 8.8 hours spent drafting the motion to compel.  The Court
14 approves 8.6 hours at $360 per hour for a total of $3096 in fees.

## CONCLUSION

IT IS HEREBY ORDERED that the Objection to Magistrate Judge's Order (ECF No. 240) is DENIED.

IT IS FURTHER ORDERED that the Motion for Attorney's Fees and Costs (ECF No. 235) is GRANTED IN PART.  Fees are awarded in the amount of $3096.

IT IS SO ORDERED.

Dated this 24th day of April, 2013.

_____
ROBERT C. JONES
United States District Judge