UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE RICHARD AND SHEILA J. MCKNIGHT 2000 FAMILY TRUST et al., <br><br> Plaintiffs, <br><br> vs. <br><br> WILLIAM J. BARKETT et al., <br><br> Defendants. | 2:10-cv-01617-RCJ-GWF <br><br> **ORDER** |

This is a complex breach of guaranty case related to the USA Commercial bankruptcy. Pending before the Court is a Motion to Dismiss (ECF No. 318). For the reasons given herein, the Court grants the motion.

I.     FACTS AND PROCEDURAL HISTORY

Plaintiff Richard McKnight,[1] as trustee for The Richard & Sheila J. McKnight 2000 Family Trust ("the McKnight Trust") provided $100,000 out of the total of $4.5 million that various direct lenders loaned to Defendant Castaic III Partners, LLC ("Castaic III") through USA Commercial Mortgage Co. ("USA Commercial"). (Compl. ¶ 5, Sept. 21, 2010, ECF No. 1). The McKnight Trust has received no interest payments on the loan since August 2006. (*Id.* ¶ 9).

Plaintiff sued Defendants Castaic III and William J. Barkett in this Court on two claims: (1) Breach of Guaranty (Barkett only); and (2) Declaratory Judgment. The Court denied a

---

[1] Richard McKnight is a apparently both a beneficiary and the trustee of the McKnight Trust and one of the McKnight Trust's attorneys in this action.

motion to reconsider transfer of the case from the Hon. Gloria M. Navarro to this Court, dismissed the second cause of action for declaratory judgment, granted offensive summary judgment on the first cause of action for breach of guaranty, and permitted 260 other direct lenders to intervene as Plaintiffs and to add claims against Castaic Partners, LLC ("Castaic" or "Tapia Ranch") and Castaic II Partners, LLC ("Castaic II"). Defendants appealed the judgment against them as to breach of guaranty, but the Court of Appeals dismissed the appeal for lack of jurisdiction.

Each group of intervenors has filed its own complaint in intervention. Intervenor Plaintiffs Thomas J. Kapp and Cynthia S. Roher, as trustees of the T&C Kapp Family Trust (the "Kapp Intervenors" or "Kapp") filed a Complaint in Intervention (the "Kapp CI") against Barkett and Castaic II for breach of contract, breach of guaranty, and declaratory judgment. (*See* Kapp CI, May 12, 2011, ECF No. 34). A second group of intervenors (the "Rasmussen Intervenors") have filed a complaint in intervention (the "Rasmussen CI") against Barkett, Castaic, Castaic II, and Castaic III for breach of contract, breach of guaranty, and declaratory judgment. (*See* Rasmussen CI, Aug. 8, 2011, ECF No. 61). The Rasmussen CI alleges the amount each Rasmussen Intervenor loaned the Castaic entities. (*See id.* ¶¶ 5, 67–69). A third group of intervenors, DACA-Castaic, LLC and Debt Acquisition Co. of America V, LLC ("DACA V," collectively, the "DACA Intervenors" or "DACA"), withdrew its motion to intervene.

The Court granted a motion to dismiss the Kapp CI in part, dismissing the declaratory judgment claim but refusing to dismiss the breach of contract and breach of guaranty claims for lack of standing. Defendants argued that Kapp Intervenors had transferred their interests in the relevant loans to DACA-Castaic, LLC and thus no longer had standing to sue for breach of contract or breach of guaranty. The Kapp Intervenors responded that they had only transferred the deeds of trust, not the beneficial interest. The Court invited summary judgment motions on the issue but refused to dismiss because the Kapp CI was sufficiently pled. The Court

completely denied a motion to dismiss the Rasmussen CI, noting that the claim for declaratory relief thereunder was different from the declaratory relief claims in the Complaint and the Kapp CI that the Court had dismissed. The Court struck Defendants' "crossclaim," which was in reality a third-party complaint and/or a counterclaim, directing Defendants to refile the pleading properly, which they did. (*See* Countercl. and Third-Party Compl., ECF Nos. 156, 157). In that pleading, Defendants countersued several Compass entities, the two DACA entities, and direct lenders for: (1) breach of contract; (2) declaratory judgment; (3) interference with prospective economic advantage; (4) usury; (5) breach of fiduciary duty (two Compass entities only); (6) unjust enrichment; and (7) slander of title.

The Court refused to stay the judgment against Defendants in favor of Plaintiff but noted that it would await summary judgment motions as to whether certain Intervenor Plaintiffs still owned the beneficial interest in the loans or had transferred them to DACA-Castaic, LLC or other parties. DACA asked the Court to grant it summary judgment on thirteen issues under its Counterclaim (as to Defendants' Third-Party Complaint) for declaratory relief. The Court granted the motion in part, ruling that any direct lender who had transferred his or her beneficial interest in a Castaic loan to DACA had also transferred his or her interest in the respective deed of trust or guaranty and could no longer sue on the note or Barkett's guaranty thereof, because the interest in the guaranty followed the interest in the note automatically under California law. The Court noted that it remained a question of fact which direct lenders had effected such transfers. The evidence adduced at the time showed only a transfer of Castaic Partners, LLC's beneficial interest in the Castaic loans to DACA-Castaic, LLC, but did not indicate any previous transfer from any direct lenders to Castaic Partners, LLC. The Court also noted that no party disputed that the Castaic loans were in default but that it would not attempt to calculate the total amount due on each loan at the pre-trial stage. The Court also ruled that the notes were neither usurious nor subject to offset. The Court ruled that the Castaic deeds of trust were enforceable under their

terms and that the pending foreclosures in California under the 2007 notices of default were proper.  The Court also noted that an action against Barkett for breach of guaranty would not violate the one-action rule even after foreclosure, because Barkett was not the target of any foreclosure, though Plaintiffs could only collect on a guaranty to the extent of any deficiency remaining after a foreclosure sale.  The Court also ruled that the Purchase Agreement, under which DACA-Castaic, LLC purported to obtain the beneficial interests in the loans from Castaic Partners, LLC, was in compliance with the 51% rule under Chapter 645B, and that DACA-Castaic, LLC's decision to foreclose was valid.  The Court declined to rule on the priority of a lien against the properties held by DACA V, because DACA V and DACA-Castaic were not adversaries in the present case.

Kapp Intervenors also moved for summary judgment on four points.  The Court refused to rule that Barkett was liable to Kapp Intervenors on the guaranty because it was not clear that the Kapp Intervenors retained the beneficial interest in the loans.  The Court again noted that no party denied the Castaic loans were in default.  The Court then ruled that Barkett was liable to the Kapp Intervenors on the Castaic II Guaranty, but the Court added that Barkett could obtain relief under Rule 60(b) if he could later show that the Kapp Intervenors had transferred their interest in the Castaic II note.  The Court ruled that it would not attempt to calculate the total amount due on the Castaic II loan at the pre-trial stage.  Next, the Court ruled that the Castaic notes were to be interpreted by their terms under Nevada law, that Nevada had no usury law, and that the borrower under the notes had waived any right of offset.  Finally, the Court declined to rule whether any direct lenders were liable for the wrongdoing of loan servicers.

Defendants then filed three similar motions, asking the Court to dismiss the Kapp CI, the Rasmussen CI, and DACA's Counterclaim for lack of subject matter jurisdiction.  The Court ruled that it had diversity jurisdiction to adjudicate the Kapp CI and bankruptcy jurisdiction (but not diversity jurisdiction) to adjudicate the Rasmussen CI and DACA's Third-Party

Counterclaim, and that neither mandatory nor equitable abstention under the Bankruptcy Code were appropriate.

In March 2013, the Court granted in part DACA's motion for leave to file a Supplemental Third-Party Counterclaim against Defendants and a Supplemental Fourth Party-Complaint (against Pond Avenue Partners, LLC ("Pond"), Merjan Financial Corp. ("Merjan"), and Palisades Capital (NV), LLC), based upon events occurring after DACA filed its Third-Party Counterclaim in February 2012. DACA soon thereafter filed that consolidated pleading, i.e., the Answer, Counterclaim, Supplemental Counterclaim, and Fourth-Party Complaint (the "DACA Pleading"). (*See* DACA Pldg., Mar. 25, 2012, ECF No. 231). The Court adopted the magistrate judge's recommendation to strike the answers of Barkett and the Castaic Defendants and to instruct the Clerk to enter default as a sanction for failing to comply with a court order to retain new counsel. The Clerk entered default as to the February 2012 Counterclaim, accordingly.

DACA asked the Court to strike Barkett's and the Castaic Defendants' Answer and Counterclaims (ECF No. 247) to the DACA Pleading and also requested a default judgment or offensive summary judgment as to its third-party counterclaims in the DACA Pleading, offensive summary judgment on its fourth-party claims, and defensive summary judgment against Defendants' third-party claims. The Court struck the answer as against the first counterclaim in the DACA Pleading, but not as against the answers to the second counterclaim and the supplemental counterclaim therein. The Court granted default judgment in favor of DACA and against Defendants as to DACA's first third-party counterclaim, but not as to its supplemental counterclaim, and the Court solicited a proposed form of judgment from DACA. The Court dismissed DACA's second third-party counterclaim for appointment of a receiver. The Court granted offensive summary judgment to DACA's on its Fourth-Party Complaint as against Palisades Capital (NV) LLC, but denied it as against Pond or Merjan. The Court denied offensive summary judgment to DACA's on its supplemental third-party counterclaim against

Defendants. The Court granted in part and denied in part defensive summary judgment to DACA as against Defendants' second third-party claim for declaratory judgment. The Court granted defensive summary judgment to DACA as against Defendants' seventh third-party claim for slander of title.

Plaintiffs have asked the Court to dismiss Defendants' counterclaims as against Plaintiffs.

## II.   DISCUSSION

Plaintiffs attach proof that Richard McKnight has purchased all claims by Barkett in this case against Plaintiffs for a $1000 credit bid at a public constable's auction in Las Vegas after appropriate notice. (*See* Cert. of Sale, Oct. 24, 2013, ECF No. 318, at 7). That Constable's sale was executed against Barkett's (counter)claims in this case in order to satisfy the default judgment entered against him in the present case. (*See* J., July 9, 2012, ECF No. 194). Barkett no longer has standing to pursue the claims, and Plaintiff wishes to dismiss them. Barkett responds that it is still an open question whether McKnight still owns interests in the Castaic loans or has transferred his interests to DACA. But the issue of whether Barkett still owns his own counterclaims is simply not affected by the answer to that question. It is clear that Barkett has no more counterclaims in this case against Plaintiffs. Plaintiffs therefore ask the Court to dismiss the Counterclaim (ECF No. 90). The Court has already stricken that document and ordered Defendants to file a proper counterclaim and third-party complaint. Defendants did so. (*See* ECF Nos. 156, 157). The Court dismisses the Counterclaim (ECF No. 156) as by Barkett against Plaintiffs.

Plaintiffs next ask the Court to dismiss the Counterclaim (ECF No. 156) as against Castaic III under Rule 13(a) (the mandatory counterclaim rule). Plaintiffs reason that because the Court had already dismissed Plaintiffs' claim against Castaic III when Castaic III filed the Counterclaim, the Counterclaim is barred by the mandatory counterclaim rule. Castaic III moved with Barkett to dismiss the only claim against Castaic III (for declaratory judgment), and the

1  Court granted that motion and entered judgment on July 26, 2011.  Castaic III never attempted to
2  file any counterclaim against Plaintiffs before that time.  Castaic III responds that Rule 13(e)
3  permits supplemental counterclaims that mature or are acquired after a party serves its answer,
4  and that Castaic III had no reason to know when it moved to dismiss that DACA may have
5  owned the direct lenders' (including Plaintiffs') interests in the loans.  But once the Court
6  adjudged Plaintiff's claims against Castaic III, Castaic III was no longer a Defendant as to
7  Plaintiffs, and the counterclaim rule no longer governed their relationship.  Castaic III became a
8  Defendant when it was served on October 1, 2010. (*See* ECF No. 6).  It joined a motion to
9  dismiss on October 22, 1010. (*See* ECF No. 7).  The Court entered judgment in favor of Castaic
10 III on July 26, 2011. (*See* ECF No. 49).  Hours earlier, the Court had granted intervention by the
11 Kapp and Rasmussen Intervenors. (*See* ECF No. 48).  So Castaic III remained a Defendant as to
12 Intervenors.  But judgment had already been entered as to Plaintiffs, and Castaic III's compulsory
13 counterclaims against them were lost.

14      Next, Plaintiffs note that they invested only in the Castaic III loan (which Barkett
15 guaranteed), not in the Castaic and Castaic II loans (which Barkett also guaranteed), and that
16 Castaic and Castaic II therefore have no counterclaims against Plaintiffs.  The Court agrees.
17 Because Mr. McKnight has purchased Barkett's counterclaims, because Castaic III's
18 counterclaims are barred under Rule 13(a), and because Castaic and Castaic II have no claims
19 against Plaintiffs, any counterclaims by Defendants in this case are dismissed in their entirety as
20 against Plaintiffs.

21      Finally, Plaintiffs in their reply ask the Court to impose sanctions against Attorney
22 Gilmore for vexatiously multiplying the proceedings under 28 U.S.C. § 1927.  The Court denies
23 the request.  Plaintiffs filed the present motion, and if Plaintiffs wish to seek sanctions based
24 upon Defendants' allegedly frivolous arguments in response, Rule 11 is the proper vehicle.
25 ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 318) is GRANTED.

IT IS SO ORDERED.

Dated this 24th day of March, 2014.

_____
ROBERT C. JONES
United States District Judge