Dean T. Kirby, Jr.   (Calif. Bar No. 090114)
Roberta S. Robinson  (Calif. Bar No. 099035)
KIRBY & McGUINN, A P.C.
707 Broadway, Suite 1750
San Diego, California 92101
Telephone: (619) 685-4000
Facsimile:   (619) 685-4004

Michelle L. Abrams (Nev. Bar No. 5565)
Michelle L. Abrams Ltd.
Abrams Probate & Planning Group
530 South Fourth Street
Las Vegas, Nevada 89101
Telephone:  (702) 369-3724
Facsimile:   (702) 369-0651

Attorneys for Third Party Defendants and
Counterclaimants and Fourth Party Plaintiffs
DACA-Castaic, LLC and Debt Acquisition
Company of America V, LLC

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| THE RICHARD AND SHEILA J. McKNIGHT 2000 FAMILY TRUST, Richard McKnight, Trustee<br><br>Plaintiff<br><br>v.<br><br>WILLIAM J. BARKETT, an individual, CASTAIC III PARTNERS, LLC a California limited liability company<br><br>Defendants | Case No. 2:10-cv-01617-RCJ<br><br>JUDGMENT |
| AND RELATED INTERVENOR ACTIONS, THIRD PARTY ACTIONS AND COUNTERCLAIMS | |

On December 18, 2014, a hearing was held on the Motion of Third Party Defendants, Counterclaimants and Fourth Party Plaintiffs Debt Acquisition Company of America V, LLC ("DACA V") and DACA-Castaic, LLC (collectively, "DACA") for: (i) summary judgment on DACA's Supplemental Counterclaim (included as pages 35 through 39 of DACA's consolidated pleading filed March 25, 2013 as ECF No. 231 the "DACA Consolidated Pleading"); (ii) summary

judgment on DACA's Fourth Party Complaint (included as pages 40 through 43 of the DACA Consolidated Pleading); (iii) Defensive Summary Judgment on the Counterclaim of Castaic Partners, LLC, Castaic Partners II, LLC, Castaic Partners III, LLC, and William Barkett (collectively, the "Barkett Parties") filed January 13, 2012 as ECF Nos. 156 & 157; and (iv) entry of final judgment as to all claims for relief as to which DACA is a party. Appearances were as noted on the record.

The Court having previously: (i) granted in part DACA's motion (ECF No. 137) for summary adjudication of certain issues as part of its Order entered March 14, 2012 as ECF No. 170; and (ii) having granted in part DACA' motion (ECF No. 286) for default judgment on DACA's Counterclaim (included as pages 12 through 34 of the DACA Consolidated Pleading) and for defensive summary judgment on certain claims for relief stated in the Barkett Parties' Counterclaim, all as part of its Order entered December 11, 2013 as ECF No. 317; and

The Court having considered the moving and opposition papers and the record in this action, and the argument of counsel, the Court grants the above-referenced motions and enters judgment as follows:

IT IS HEREBY ORDERED, ADJUDGED AND DECREED:

1.   Default judgment is entered on Counterclaim of DACA as against the Barkett Parties (included as pages 12 through 34 of the DACA Consolidated Pleading), by granting declaratory relief as follows:

1.1   The loan (the "Tapia Ranch Loan") evidenced by that certain "Promissory Note Secured by Deed of Trust" in the original principal amount of $18,500,000.00, executed by Castaic Partners, LLC as Borrower (the "Tapia Ranch Note") and secured (until completion of the foreclosure sale referred to below) by that certain "Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing," recorded October 8, 2004 as Document No. 2004-2598922 of the Official Records of Los Angeles County, California[1]  as amended by that certain "First Amendment to Deed of Trust" recorded January 27, 2005 as Document No. 2005-0196543 and by that certain "Second Amendment to Deed of Trust"

---

[1]   All references to recorded documents in this Judgment refer to the Official Records of the County of Los Angeles, California.

recorded on May 25, 2005 as Document No. 2005-1224588, and by that certain "Third Amendment to Deed of Trust' recorded on June 29, 2005 as Document No. 2005-1530395, and by that certain "Fourth Amendment to Deed of Trust" recorded on September 14, 2005 as Document No. 2005-2210065, and by that certain "Fifth Amendment to Deed of Trust" recorded on January 6 2006 as Document No. 2006-0034507 (as amended, the "Tapia Ranch Trust Deed") is in default.  The amount owing under the Tapia Ranch Note, after deducting the credit bid or $2,000,000.00 made at the foreclosure sale conducted November 13, 2012, is $98,760,338.22  as of November 1, 2013 and shall increase by an additional $54,866.85 per diem thereafter until the date of entry of this Judgment.

       1.2     The Tapia Ranch Note is to be interpreted and enforced under Nevada law and is valid and enforceable according to its terms.

       1.3     The loan (the "Castaic II Loan") evidenced by that certain "Promissory Note Secured by Deed of Trust" in the original principal amount of $5,600,000.00, executed by Castaic Partners II, LLC as Borrower (the "Castaic II Note") and secured (until completion of the foreclosure sale referred to below) by that certain "Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing" recorded July 26, 2005 as Document No. 05-1761534  as amended by that certain "First Amendment to Deed of Trust" recorded February 13, 2006 as Document No. 06-244761 (as amended, the "Castaic II Trust Deed") is in default.  The amount owing under the Castaic II Note, after deducting the credit bid of $500,000.00 made at the foreclosure sale is $23,801,458.04  as of November 1, 2013 and shall increase by an additional $13,223.03  per diem thereafter until the date of entry of this Judgment.

       1.4     The Castaic II Note is to be interpreted and enforced under Nevada law and is valid and enforceable according to its terms.

       1.5     The loan (the "Castaic III Loan") evidenced by that certain "Promissory Note Secured by Deed of Trust" in the original principal amount of $4,500,000.00, executed by Castaic Partners III, LLC as Borrower (the "Castaic III Note") and secured by that certain "Deed of Trust, Security Agreement, Assignment of Rents and Fixture Filing" recorded

October 12, 2005 as Document No. 05-2452902 as amended by that certain "First Amendment to Deed of Trust" recorded February 28, 2006 as Document No. 06-0431297 (as amended, the "Castaic III Trust Deed") is in default.  The amount owing under the Castaic III Note is $ 21,004,165.34 as of November 1, 2013 and shall increase by an additional $11,668.98 per diem thereafter until the date of entry of this Judgment.

   1.6 Until completion of the foreclosure sale referred to below, the Tapia Ranch Trust Deed was a lien on the property described therein which secured all obligations owing under the Tapia Ranch Note, and the Tapia Ranch Trust Deed was valid and enforceable according to its terms.

   1.7 Until completion of the foreclosure sale referred to below, the Castaic II Trust Deed was a lien on the property described therein which secured all obligations owing under the Castaic II Note, and the Castaic II Trust Deed was valid and enforceable according to its terms.

   1.8 The Castaic III Trust Deed is a lien on the property described therein which secures all obligations owing under the Castaic III Note, and the Castaic III Trust Deed is valid and enforceable according to its terms.

   1.9 A majority in interest of the beneficiaries of the Tapia Ranch Trust Deed (the "Tapia Ranch Direct Lenders") voted to authorize Cross FLS, LLC ("Cross") to enter into the "Agreement to Purchase Loan Interests" with DACA dated as of March 7, 2011 (the "Purchase Agreement").

   1.10 A majority in interest of the beneficiaries of the Castaic II Loan (the "Castaic II Direct Lenders") voted to authorize Cross to enter into the Purchase Agreement.

   1.11 A majority in interest of the beneficiaries of the Castaic III Loan (the "Castaic III Direct Lenders") voted to authorize Cross to enter into the Purchase Agreement.

   1.12 Cross was duly and legally authorized pursuant to NRS ch. 645B to execute the Purchase Agreement and the Exhibits thereto, and is and continues to be duly and legally authorized to execute all subsidiary documents and take all actions necessary to carry out the intent of the Purchase Agreement.

1.13    Pursuant to the Assignment of Deed of Trust executed by Cross pursuant to the Purchase Agreement, DACA-Castaic, LLC is now the sole beneficiary of record under the Tapia Ranch Trust Deed.

1.14    Pursuant to the Assignment of Deed of Trust executed by Cross pursuant to the Purchase Agreement, DACA-Castaic, LLC is now the sole beneficiary of record under the Castaic II Trust Deed.

1.15    Pursuant to the Assignment of Deed of Trust executed by Cross pursuant to the Purchase Agreement, DACA-Castaic, LLC is now the sole beneficiary of record under the Castaic III Trust Deed.

1.16    That certain Notice of Default and Election to Sell Under Deed of Trust, recorded October 23, 2007 as Document No. 2007-2398356 (the "Tapia Ranch NOD") was duly and properly authorized, recorded and mailed as required under California law, and valid nonjudicial foreclosure proceedings under the Tapia Ranch Trust Deed were thereby commenced.  Such foreclosure proceedings were subject to continuation at a later time by the recording, posting, publication and mailing of a Notice of Trustee's Sale.

1.17    That certain "Notice of Default and Election to Sell Under Deed of Trust" recorded October 15, 2007 as Document No. 2007-2398358 (the "Castaic II NOD") was duly and properly authorized, recorded and mailed as required under California law, and valid nonjudicial foreclosure proceedings under the Castaic II Trust Deed were thereby commenced.  Such foreclosure proceedings were subject to continuation at a later time by the recording, posting, publication and mailing of a Notice of Trustee's Sale.

1.18    DACA-Castaic, LLC, as the sole beneficiary of record under the Tapia Ranch Trust Deed, the Castaic II Trust Deed, and the Castaic III Trust Deed, DACA-Castaic, LLC, retains a fiduciary duty to the Direct Lenders to perform the obligations of DACA-Castaic, LLC under the Purchase Agreement and ultimately to distribute the proceeds of the loans to the Direct Lenders under the terms provided for in the Purchase Agreement.

1.19    The assignment of the Castaic Notes and Trust Deeds necessarily included, by operation of law, and assignment of rights under any guarantees of the obligations under

those Notes. Accordingly, DACA is the real party in interest with respect to any claims based on those guarantees.

2. As to the Supplemental Counterclaim of DACA against the Barkett Parties, and on the Fourth Party Complaint of DACA as against Merjan Financial, LLC ("Merjan") Pond Avenue Partners, LLC ("Pond Ave. Partners") and Palisades Capital NV, LLC ("Palisades") (collectively, the "Fourth Party Defendants"), the Court grants declaratory relief as follows:

  2.1 Nonjudicial foreclosure proceedings under the Tapia Ranch Trust Deed were completed in accordance with the requirements of applicable law, and the trustee's sale which occurred on November 13, 2012, as evidenced by the "Trustee's Deed Upon Sale" recorded November 15, 2012 as Document No. 2012-1733548 (the "Tapia Ranch Trustee's Deed") was valid.

  2.2 Neither the Barkett Parties nor the Fourth Party Defendants, or any of them, have the right to rescind or set aside the foreclosure of the Tapia Ranch Trust Deed.

  2.3 Nonjudicial foreclosure proceedings under the Castaic II Trust Deed were completed in accordance with the requirements of applicable law, and the trustee's sale which occurred on November 16, 2012, as evidenced by the "Trustee's Deed Upon Sale" recorded November 20, 2012 as Document No. 2012-1767387 (the "Castaic II Trustee's Deed") was valid..

  2.4 Neither the Barkett Parties nor the Fourth Party Defendants, or any of them, have the right to rescind or set aside the foreclosure of the Castaic II Trust Deed.

  2.5 Neither the Barkett Parties, nor Merjan, nor Palisades own any Direct Lender interest in any of the Castaic Loans. The Court makes no finding as to any interest claimed by Pond Avenue Partners, LLC.

3. Judgment is entered in favor of DACA as to the Third Party Complaint filed on behalf of the Barkett Parties on January 13, 2012 (D.I. 156 & 157), and the Barkett Parties shall take nothing by way of that Third Party Complaint.

4. The pleading entitled Fifth Party Counterclaim set forth in the consolidated pleading filed on behalf of the Barkett Parties on April 19, 2013 (D.I. 247) having been stricken by this

Court's Order entered December 11, 2013 (ECF No. 317 p. 7 ln. 25 – p. 8 ln. 5), the Barkett Parties shall take nothing by way of that "Fifth Party Counterclaim."

DATE: January 29, 2015

_____
UNITED STATES DISTRICT JUDGE

PREPARED AND SUBMITTED BY:

KIRBY & McGUINN, A P.C.

By: /s/ Dean T. Kirby, Jr.
Dean T. Kirby, Jr.
Attorneys for Third Party Defendants
and Counterclaimants and Fourth Party Plaintiffs
DACA-Castaic, LLC and
Debt Acquisition Company of America V, LLC