**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | | |
|---|---|---|
| THE RICHARD AND SHEILA J. MCKNIGHT 2000 FAMILY TRUST et al., | ) ) ) | |
| Plaintiffs, | ) ) | 2:10-cv-01617-RCJ-GWF |
| vs. | ) ) | **ORDER** |
| WILLIAM J. BARKETT et al., | ) ) | |
| Defendants. | ) ) | |

This is a breach of guaranty case related to the USA Commercial bankruptcy. The procedural history of the case is complex, and the Court will only recount it in relevant part. Plaintiff sued Defendants Castaic III and William J. Barkett in this Court on two claims: (1) Breach of Guaranty (Barkett only); and (2) Declaratory Judgment. The Court dismissed the second cause of action for declaratory judgment, granted offensive summary judgment on the first cause of action for breach of guaranty, and permitted 260 other direct lenders to intervene as Plaintiffs against Barkett and Castaic III and to add claims against Castaic Partners, LLC ("Castaic" or "Tapia Ranch") and Castaic II Partners, LLC ("Castaic II"). One group of intervenors (the "Rasmussen Intervenors") filed a complaint in intervention (the "Rasmussen CI") against Barkett, Castaic, Castaic II, and Castaic III for breach of contract, breach of guaranty, and declaratory judgment. (*See* Rasmussen CI, Aug. 8, 2011, ECF No. 61). The Rasmussen CI alleges the amount each Rasmussen Intervenor loaned the Castaic entities. (*See id*. ¶¶ 5, 67–69). In 2013, the Court struck Barkett's answer to the Rasmussen CI, and the Clerk

entered default.  Rasmussen Intervenors asked the Court for a default judgment against Barkett on the breach of guaranty claims totaling $2,738,000, and the Court granted the motion.

In the meantime, Defendants had asked the Court to approve a settlement proposal.  To the extent that motion is not now moot in light of the default judgment and/or the intervening order that the parties attend a settlement conference, the Court denies it.  As DACA notes in response, there is no settlement to approve, only Defendants' proposal.  Defendants remain free to attempt to obtain the approval of 51% of the relevant interests as to a settlement on the guaranties in accordance with state law, but the Court will not involve itself directly in settlement negotiations by ordering or supervising such a vote.

## CONCLUSION

IT IS HEREBY ORDERED that the Motion to Stay (ECF No. 425) is DENIED as moot.

IT IS FURTHER ORDERED that the Motion to Approve Settlement Proposal (ECF No. 413) is DENIED.

IT IS SO ORDERED.

DATED: This 6th day of May, 2016.

_____
ROBERT C. JONES
United States District Judge